[Civ. No. 1312.   Second Appellate District.—May 17, 1913.]

## E. C. GISE, Respondent, v. JOHN S. MYERS, Auditor of the City of Los Angeles, Appellant.

STATUTE—CONSTRUCTION—CONSIDERATION OF PURPOSE AND NECESSITY OF ENACTMENT.—A statute must be construed with reference to the object to be accomplished by it, and to ascertain that object it is proper to consider the occasion and necessity for the enactment.

JUDGMENT—COLLECTION OF MONEY DUE DEBTOR FROM MUNICIPALITY.—Section 710 of the Code of Civil Procedure, which declares the procedure whereby money or credits of the judgment debtor in the hands of a municipality may be obtained in satisfaction of the judgment, is not inapplicable to cases where the amount due from the municipality is less than the judgment.

APPEAL from an order of the Superior Court of Los Angeles County granting a peremptory Writ of Mandate directed to the auditor of the city of Los Angeles.   Charles Monroe, Judge.

The facts are stated in the opinion of the court.

John W. Shenk, City Attorney, and C. H. Tribit, Jr., Deputy City Attorney, for Appellant.

Amend & Amend, for Respondent.

SHAW, J.—This is an appeal from an order of court granting a peremptory writ of mandate directed to John S. Myers as auditor of the city of Los Angeles, commanding him to pay into court certain moneys due from the city to Thomas F. Rico, to be applied, pursuant to the provisions of section 710 of the Code of Civil Procedure upon an existing judgment in favor of petitioner and against said Rico.

The amount due upon the judgment at the time of filing the transcript with the city auditor was upwards of two hundred dollars, and the amount due from the city to said Rico, who was a police officer, was one hundred and fifty dollars. Appellant contends that section 710 of the Code of Civil Procedure directs the payment of money into court *only* in those cases where the amount due from the municipality to the judg-

ment debtor, as shown by the transcript, is sufficient to cancel the judgment, and that inasmuch as the amount due from the city to Rico was less than the judgment, recourse cannot be had to the procedure prescribed by said section for the collection of money due upon the judgment. The claim is based upon the requirement that there shall be paid into court such sum of money due from the city to the judgment debtor, "if sufficient there be, . . . as will cancel the judgment." A statute must be construed with reference to the object to be accomplished by it. In order to ascertain that object it is proper to consider the occasion and necessity for its enactment. Prior to the passage of the act in question no process existed whereby moneys due from the municipality to a judgment debtor could be applied upon the judgment. Even though such funds were not exempt from execution, they were, nevertheless, beyond the reach of the creditor. Under these conditions, the statute, declared to be "a procedure by which moneys or credits of a judgment debtor in the hands of a . . . municipal corporation . . . may be obtained in satisfaction of judgment," was enacted. A construction restricting its application, as suggested by appellant, would in a large measure nullify rather than secure the benefits and objects clearly intended. As we construed the statute, it directs the payment into court of the full sum required to cancel the judgment, if sufficient there be. The words "if sufficient there be" were not intended to restrict or limit payment to those cases only where the sum due from the city to the judgment debtor was sufficient to liquidate the judgment, but rather intended, where the amount due exceeded the judgment, to limit the amount paid into court to a sum sufficient only to cancel the judgment.

Order affirmed.

Allen, P. J., and James, J., concurred.